CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 18 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLOS JOHNSON, | ) |
| Plaintiff, | ) Case No. 7:09CV00218 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) By: Glen E. Conrad |
| UNITED STATES PENITENTIARY-LEE COUNTY, | ) United States District Judge |
| Defendant. | ) |

Plaintiff Carlos Johnson, a federal inmate proceeding pro se, has submitted a pleading in which he states his intention to bring a lawsuit against the United States Penitentiary in Lee County, Virginia ("USP Lee"). Specifically, he complains that because federal prison officials at USP Lee allowed Johnson's cell mate to pack his personal property when Johnson was transferred to the Special Housing Unit ("SHU"), Johnson lost "Magnum boots and numerous other commissary items" worth $176.60. Johnson states that he filed a "tort claim" and it was denied, so he wishes to "take the next step." Given the nature of Johnson's allegations, the court construed and filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. Upon consideration of the complaint, the court finds that this action should be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of certain types of wrongful or negligent conduct committed by federal employees. See 28 U.S.C. § 1346(b)(1). An FTCA claim is properly brought only against the United States and not against individual federal agencies or officers. See, e.g., Maron v. United States, 126 F.3d 317,

---

[1] A lawsuit in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" may be summarily dismissed, pursuant to § 1915A(b)(1), as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

321 (4th Cir. 1997); Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir.2002). Section 2680(c) of the FTCA provides that the waiver of immunity in § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." § 2680(c). The United States Supreme Court has interpreted § 2860(c) to foreclose FTCA lawsuits against the United States based on damage to personal property resulting from negligent handling or storage of that property by officers of the Federal Bureau of Prisons ("BOP"). Ali v. Federal Bureau of Prisons, 128 S. Ct. 831, 836-37 (2008) (internal quotations omitted) (finding that BOP officers who allegedly lost inmate's personal property during his transfer to another prison were "law enforcement officers" under § 2680(c) so as to preclude inmate's FTCA claim for value of lost property); Kosak v. United States, 465 U.S. 848, 854 (1984) (finding that § 2680(c) applied to claim resulting from negligent handling or storage of detained property by federal officers).

Under these legal principles, Johnson's complaint fails to allege facts stating any actionable claim and must be dismissed, pursuant to § 1915A(b)(1). First, a claim under the FTCA must be brought directly against the United States. 28 U.S.C. § 2679(a); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Since Johnson named only USP Lee as a defendant in this action, the court has no jurisdiction over his FTCA claim.

Second, Johnson's only claim in this action is for recovery of the value of property allegedly lost as a result of BOP employees' negligent handling of the detained property. This claim is foreclosed under § 2860(c). Ali, 128 S. Ct. at 841. Therefore, even if the court allowed Johnson to amend to substitute the United States as defendant, Johnson would have no actionable claim under the FTCA.

In conclusion, Johnson's FTCA claim must be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order shall be issued this day. The plaintiff is advised that

he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 18th day of June, 2009.

*/s/ Glen Conrad*
United States District Judge

- 3 -

Case 7:09-cv-00218-GEC-mfu   Document 4   Filed 06/19/09   Page 3 of 3   Pageid#: 16